UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANCISCO GUZMAN,

           Petitioner,

  -against-

UNITED STATES OF AMERICA,

           Respondent.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
No. CV-05-1013 (FB)

*Appearances:*
*For the Petitioner:*
FRANCISCO GUZMAN, *Pro Se*
# 24952-038
P.O. Box 7000
Fort Dix, NJ 08640

*For the Respondent:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
By:   JEFFREY A. GOLDBERG, ESQ.
Assistant United States Attorney
One Pierrepont Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

      *Pro se* petitioner Francisco Guzman ("Guzman") moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. Guzman was sentenced by the Court on June 17, 2004, following his January 13, 2004 plea of guilty to the crime of illegal reentry in violation of 18 U.S.C. § 1326. Guzman claims that the Court erred in imposing his sentence because it (1) was outside of the guidelines range set forth in the plea agreement; and (2) violated the Sixth Amendment under *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set forth below, the motion is denied.

1

# I.

On November 26, 2003, Guzman was indicted for one count of illegal reentry and one count of making a false statement in a passport application; on January 13, 2004, pursuant to a Plea Agreement ("Agreement"), Guzman pleaded guilty to the illegal-reentry count in exchange for the United States' dismissal of the false-statement count. In the Agreement, the United States "estimate[d] the likely adjusted offense level under the Sentencing Guidelines" to be level 13, which was predicated upon, *inter alia*, an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(a) for a previous deportation based on an aggravated-felony conviction; the combination of Guzman's criminal-history category and the estimated adjusted-offense-level carried a guidelines range of 15 to 21 months. The Agreement, however, expressly stated that the United States would not be bound by the estimate, and that Guzman would not be entitled to withdraw his plea should the Probation Department or Court determine that a different adjusted offense level applied. Furthermore, at his plea hearing, Guzman acknowledged that he understood that "[i]t could turn out though that the Court or the Probation Department comes up with a different guideline range" and that "if that happen[ed], [he] w[ould] not be allowed to withdraw [his] guilty plea." Tr. At 14.[1]

Thereafter, the Probation Department, in the Presentence Report, revealed that the estimated adjusted-offense-level was not correct because Guzman's aggravated-felony conviction upon which the § 2L1.2(a) enhancement was based,

---

[1] Tr. refers to the transcript of the January 13, 2004 hearing at which Guzman pleaded guilty.

involved a drug-trafficking offense, which called for an sixteen-level, rather than an eight-level, enhancement. Accordingly, on June 17, 2004, this Court found the adjusted offense level to be 21 and the guidelines range to be 41 to 51 months; after downwardly departing, the Court imposed a sentence of 31 months.

Guzman did not pursue an appeal because, as he contends, his attorney "talked him into dropping the [a]ppeal." Guzman Mot. at 3.

## II.

Because Guzman did not pursue an appeal, "he is barred from raising . . . claim[s] in a subsequent section 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Rosa v. United States*, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2001) (citing *Amiel v. United States*, 209 F.3d 195, 198 (2d Cir. 2000)); *see also Fountain v. United States*, 357 F.3d 250, 254 (2d Cir. 2004.). The Court, however, need not resolve whether Guzman can establish cause and prejudice for the default because even assuming *arguendo* that he could, his claims are wholly without merit. His claim based on the Court's imposition of a sentence outside of the estimated sentence in the Agreement fails because the Agreement fully permitted and enlightened Guzman as to such a possibility. His second claim based on *Booker* similarly fails because, as the Second Circuit has squarely held, "Booker . . . does not apply to cases on collateral review where[, as here,] the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005).

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Guzman has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 6, 2004S

4